IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AARON DALE EATON**,<br><br>    Plaintiff,<br><br>  v.<br><br>**T. BLEWETT**, *Two Rivers Correctional Institution Superintendent*, **VANDERWALKER**, *Two Rivers Correctional Officer*, **RIDLEY**, *Two Rivers Correctional Institution Asst. Superintendent of General Services*, **ROSSI**, *Two Rivers Correctional Institution Grievance Coordinator*, **ENYON**, *Two Rivers Correctional Institution Grievance Coordinator*, **TWO RIVERS CORRECTIONAL INSTITUTION**,<br><br>    Defendants. | Case No. 2:20-cv-1641-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

  Plaintiff Aaron Dale Eaton (Eaton), an adult in custody at Two Rivers Correctional Institution (TRCI) who is representing himself, alleges that Defendants violated his First, Fourteenth, and Sixth Amendment rights by confiscating his legal mail and offering an insufficient prison grievance procedure. Defendants move for summary judgment against

PAGE 1 – ORDER

Eaton's claims on three alternative grounds. First, Defendants argue that Eaton has not exhausted his administrative remedies. Second, Defendants assert that Eaton's Second Amended Complaint (SAC) fails to state a claim. ECF 46. Third, Defendants maintain that the Court should dismiss Eaton's entire lawsuit under 28 U.S.C. § 1915(e)(2)(B). ECF 46. Eaton cross moves for summary judgment on his First and Fourteenth Amendment claims. ECF 52. Easton also has filed two discovery-related motions. ECF 42; ECF 43. Finally, Defendant have filed a Motion to Stay Discovery. ECF 50. For the reasons stated below, the Court grants Defendants' motion for summary judgment, denies Defendants' motion to dismiss the case under 28 U.S.C. § 1915(e)(2)(B), and denies Eaton's cross motion for summary judgment. The Court also denies as moot the three discovery-related motions filed by the parties.

## STANDARDS

### A. Summary Judgment

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

When parties cross-move for summary judgment, the court "evaluate[s] each motion separately, giving the non-moving party in each instance the benefit of all reasonable inferences." *A.C.L.U. of Nev. v. City of Las Vegas*, 466 F.3d 784, 790-91 (9th Cir. 2006) (quotation marks and citation omitted); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010) ("Cross-motions for summary judgment are evaluated separately under [the] same standard."). In evaluating the motions, "the court must consider each party's evidence, regardless under which motion the evidence is offered." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Thereafter, the non-moving party bears the burden of designating "specific facts demonstrating the existence of genuine issues for trial." *Id.* "This burden is not a light one." *Id.* The Supreme Court has directed that in such a situation, the non-moving party must do more than raise a "metaphysical doubt" as to the material facts at issue. *Matsushita*, 475 U.S. at 586.

### B.  The PLRA Exhaustion Requirement

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This exhaustion requirement serves two primary purposes: (1) to promote efficient resolution of disputes; and (2) to protect agency authority by requiring adherence to agency procedures and by allowing agencies an opportunity to correct their own mistakes.

*Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Exhaustion requirements are directed toward parties who, "if given the choice, would not voluntarily exhaust." *Id.* Thus, to satisfy the PLRA exhaustion requirement, a prisoner must "properly" exhaust administrative remedies, including "compliance with an agency's deadlines." *Id.* at 90-91.

The Ninth Circuit has recognized, however, that a prisoner's failure to exhaust administrative remedies may be excused "when circumstances render administrative remedies 'effectively unavailable.'" *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (per curiam) (quoting *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010)). The court in *Sapp* acknowledged several circumstances when conduct by prison officials would render administrative remedies effectively unavailable: for example, when prison officials refuse to provide the necessary forms, when prison officials threaten retaliation if grievances are filed, or when improper screening of grievances wrongly forecloses administrative remedies. *Id.* at 822-823 (collecting cases from other circuits).

## C.  Failure to State a Claim

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Self-represented, or *pro se*, plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

On July 27, 2020, Eaton received an item of mail from a law firm. The mailing included a pre-addressed, postage-paid return envelope. That same day, Defendant Vanderwalker, a correctional officer at TRCI, allegedly confiscated that envelope as "unauthorized" because it was a "[r]eturn envelope with .65 [cents] from legal mail." ECF 2 at 14. Vanderwalker believed the envelope was unauthorized because his supervisor, Defendant Ridley, stated in an email

dated July 24, 2020 that "prepaid postage envelopes" were contraband. *See* ECF 52 at 34.[1] According to Eaton, the mailing related to an ongoing bankruptcy proceeding against The Boy Scouts of America (BSA) and the return envelope would have allowed Eaton to file a claim against BSA in that bankruptcy proceeding. By confiscating the envelope, Eaton alleges, Defendants deprived him of his opportunity to file a claim against BSA.

The next day, Eaton submitted a grievance relating to the confiscation. Defendants returned Eaton's grievance for failure to comply with a grievance procedure that prohibited an adult in custody from having more than four active grievances, or complaints, pending at any given time. Eaton appealed the return, but his appeal was denied because adults in custody may not appeal a returned grievance.

## DISCUSSION

Eaton alleges violations of his First, Fourteenth, and Sixth Amendment rights. Defendants seek summary judgment on each claim, arguing that Eaton both failed to state a claim and failed to exhaust his administrative remedies. Eaton cross moves for summary judgment on his First and Fourteenth Amendment claims. The Court addresses Eaton's claims in turn.

**A. First Amendment Claim**

Eaton alleges that Defendants violated his First Amendment rights. The Court concludes that, liberally construed, Eaton's First Amendment claim could be construed in two ways. First, Eaton appears to claim that the TRCI grievance procedure is inadequate and therefore violates his First Amendment right to "petition the Government for a redress of grievances." U.S. Const.

---

[1] On August 17, 2020, Ridley clarified that adults in custody were allowed "to receive an envelope that is addressed to an attorney with a metered stamp and return address." ECF 52 at 34.

amend. I. The First Amendment right to file prison grievances is "[o]f fundamental import to prisoners." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). For that reason, it is clearly established law in the Ninth Circuit that "retaliatory actions taken against a prisoner for having exercised those rights" violate the First Amendment. *Id.* To state a First Amendment claim under this theory, Eaton must allege that "a state actor took some adverse action against an inmate because of that prisoner's protected conduct, and that such action chilled the inmate's exercise of his First Amendment rights and the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68 (simplified). Eaton fails to state a claim under this theory, however, because he does not allege that Defendants retaliated against him because he filed a grievance. To the extent that Eaton argues that the grievance procedure is inadequate, the Court considers that argument below when addressing Eaton's Fourteenth Amendment claim.

Eaton's SAC, however, may instead allege that it was Defendants' confiscation of his legal mail, not TRCI's grievance procedure, that violated Eaton's First Amendment rights. *See* SAC (ECF 41) at 5 ("[Defendants] violated the plaintiff's First Amendment rights of the U.S. Constitution [w]hen they either authorized or confiscated the legal materials that were sent to Mr. Eaton from a lawyer."). Moreover, that claim is plausible. "It is well settled that the First Amendment that the First Amendment protects the flow of information to prisoners." *Crofton v. Roe*, 170 F.3d 957, 959 (9th Cir. 1999), *as amended* (May 5, 1999). A prison policy regulating the flow of information to prisoners violates the First Amendment if the policy does not "relate to a legitimate penological interest." *Id.* Because Eaton alleges that Defendants confiscated his

legal mail under a policy that purportedly served no penological interest, he has stated a claim that Defendants have violated his First Amendment rights.[2]

Nevertheless, Defendants are entitled to summary judgment on this claim because Eaton failed to his exhaust administrative remedies before bringing this claim to federal court. To satisfy the PLRA exhaustion requirement, a prisoner must "properly" exhaust administrative remedies, including "compliance with an agency's deadlines *and other critical procedural rules*." *Woodford*, 548 U.S. at 90 (emphasis added). In Oregon, one such procedural rule is that an adult in custody may not have "more than four active complaints (grievances, discrimination complaints, or appeals of either) at any time." Or. Admin. Reg. § 291-109-0215(1). Eaton submitted a grievance about the confiscation of his legal mail but concedes that he already had four active complaints pending when he submitted his grievance about the confiscation of his legal mail.

The Court concludes that an adult in custody fails to exhaust administrative remedies when the only grievance the adult in custody files relating to a claim does not comply with prison-imposed limits on the number of grievances that an adult in custody may file. *See Heilbrun v. Villanueva*, 2017 WL 2432152, at *5 (D. Or. June 5, 2017) (concluding that a plaintiff failed to exhaust administrative remedies when the only grievance that the plaintiff submitted related to the particular claim was denied because the plaintiff "already filed six grievances that month in violation of" the grievance procedures); *see also Marshall v. Or. Dep't of Corr.*, 2021 WL 1897747, at *2-3 (D. Or. Apr. 22, 2021) (holding that a plaintiff failed to exhaust administrative remedies when the only grievance the plaintiff submitted related to a

---

[2] Because Eaton may have stated a claim under the First Amendment, the Court denies Defendants' request to dismiss this case under 28 U.S.C. § 1915.

specific claim was denied "because inmates cannot submit more than four initial grievances and discrimination complaints per calendar month"), *R&R adopted by* 2021 WL 1895237 (D. Or. May 11, 2021).

Eaton responds with two reasons why the Court should nevertheless find that he exhausted his administrative remedies or excuse his failure to exhaust. Neither is availing, however. First, Eaton points to *Wood v. Idaho Dep't of Corr.*, 2006 WL 694654 (D. Idaho Mar. 16, 2006), a case in which—Eaton contends—the district court found that an adult in custody had exhausted his administrative remedies when his grievance was denied by prison officials because he had exceeded the limit on active grievances. Eaton misunderstands *Wood*. In that case, prison officials appeared to treat their responses to Wood's earlier grievances as responses to his last grievance. *See id* at *6 (noting that a prison official told Wood "[b]esides[,] from what I have read all the grievances are talking about the same issue"). The district court therefore found that Wood had exhausted his administrative remedies because prison officials "treated their response to his first Grievance as applicable to his last Grievance." *Id.* Unlike Wood, however, Eaton has filed no earlier grievances related to the one at issue.

Second, Eaton argues that he had to file a defective grievance because if he had waited until one of his active grievances became inactive, his grievance may have been untimely. Eaton, however, did have a third option: withdraw one of his other active grievances.[3] Because Eaton's single grievance related to the confiscation of his legal mail was noncompliant with TRCI's grievance procedures, Eaton did not properly exhaust administrative remedies before bringing his First Amendment claim in this Court. Thus, Defendants are entitled to summary judgment on

---

[3] The Court notes that withdrawing one of his other active grievances likely would not have prejudiced Eaton. Two of his active grievances, TRCI.2020.03.148 and TRCI.2020.05.036 appear to relate to the same issue of mold in Unit 2.

that ground. In addition, Eaton has cross moved for summary judgment on his First Amendment claim. Because the undisputed evidence reveals that Eaton failed to exhaust his First Amendment claim, Eaton is not entitled to summary judgment in his favor.

## B. Fourteenth Amendment Claim

Eaton also alleges that Defendants violated Eaton's Fourteenth Amendment right to due process by failing to provide "a proper and efficient grievance process." SAC (ECF 41) at 6. The Due Process Clause protects adults in custody from the deprivation of a liberty interest without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prisoners may also claim the protections of the Due Process Clause. They may not be deprived of life, liberty, or property without due process of law."). To state a due process claim, a plaintiff must establish the existence of a protected liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."). If a plaintiff establishes a protected liberty or property interest, the Court next determines whether the defendant interfered with that interest and whether the procedures surrounding the alleged interference were constitutionally sufficient. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

Eaton fails to state a claim because prisoners do not have a constitutional right to a specific prison grievance procedure. *See, e.g.*, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a [prison] grievance procedure."); *see also Martin v. Roche*, 2009 WL 32635, at *15 (C.D. Cal. Jan. 5, 2009) ("[A] prisoner cannot assert a due process claim based on the manner in which his grievances are processed, nor hold the officials who processed his

grievances liable for the violations that were the subject matter of his administrative appeals."). Because Eaton fails to state a claim, the Court need not consider whether Eaton exhausted his administrative remedies on this issue before commencing this action. In addition, Eaton cross moved for summary judgment on his Fourteenth Amendment claim. Because Eaton fails to state a claim under the Fourteenth Amendment, Eaton is not entitled to summary judgment in his favor.

**C.  Sixth Amendment Claim**

Finally, Eaton alleges that Defendants violated his Sixth Amendment rights by interfering with his communications with a lawyer. Eaton's argument is without merit. The Sixth Amendment only guarantees "the assistance of counsel" in "criminal prosecutions." U.S. Const. amend VI. The legal mail that Defendants confiscated concerned civil, not criminal, proceedings. Thus, Eaton does not state a claim for violation of his Sixth Amendment rights. Because Eaton fails to state a claim, the Court need not consider whether Eaton exhausted his administrative remedies on this issue before commencing litigation.

**D.  Discovery Motions**

Also before the Court are Eaton's Motion to for Time Extension (ECF 42), Eaton's Motion to Compel (ECF 43), and Defendants' Motion for Stay of Discovery (ECF 50). On April 5, 2021, Eaton asked the Court for an additional 90 days. ECF 42. That period has now run. Also on April 5, Eaton asked the Court to compel Defendants to produce emails between Defendants Ridley and Vanderwalker. ECF 43. Defendants have since produced these emails to Eaton. *See* ECF 51. The Court therefore denies as moot Eaton's two discovery-related motions. Finally, Defendants ask the Court to stay discovery pending the Court's resolution of Defendants' motion for summary judgment. ECF 50. Because the Court grants Defendants'

PAGE 11 – ORDER

motion for summary judgment, the Court denies as moot Defendants' motion for stay of discovery.

## CONCLUSION

The Court GRANTS Defendants' Motion for Summary Judgment (ECF 46) and DENIES Eaton's Cross Motion for Summary Judgment (ECF 52). The Court DISMISSES Eaton's First Amendment claim without prejudice. The Court DISMISSES Eaton's Fourteenth Amendment and Sixth Amendment claims with prejudice. The Court DENIES AS MOOT Eaton's Motion for Extension (ECF 42), Eaton's Motion to Compel (ECF 43), and Defendants' Motion for Stay of Discovery (ECF 50).

**IT IS SO ORDERED.**

DATED this 11th day of August, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge