IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AARON DALE EATON,

     Plaintiff,

     v.

T. BLEWETT, *et al.*,

     Defendants.

Case No. 2:20-cv-1641-SI

ORDER

**Michael H. Simon, District Judge.**

Plaintiff Aaron Dale Eaton ("Eaton"), an adult in custody at Two Rivers Correctional Institution ("TRCI"), originally filed this action representing himself. He alleged that multiple defendants violated his First, Fourteenth, and Sixth Amendment rights by confiscating his legal mail, specifically, a stamped envelope preaddressed to legal counsel, and providing an insufficient prison grievance procedure. Defendants moved to dismiss and for summary judgment against Eaton's claims on several grounds. The Court granted Defendants' motion to dismiss all claims except Eaton's First Amendment claim for confiscating his legal mail, and the Court granted summary judgment to Defendants on that claim based on Eaton's failure to exhaust administrative remedies. *Eaton v. Blewett*, 2021 WL 3559462 (D. Or. Aug. 11, 2021), *vacated in part and remanded*, 50 F.4th 1240 (9th Cir. 2022). Eaton appealed the Court's summary judgment decision. On appeal, Easton was represented by counsel. The Ninth Circuit

PAGE 1 – ORDER

vacated the Court's judgment, reversed in part the Court's opinion, and remanded for further proceedings. *Eaton v. Blewett*, 50 F.4th 1240 (9th Cir. 2022). The Ninth Circuit vacated the Court's summary judgment opinion, concluding that TRCI's grievance procedure was effectively unavailable for Eaton to exhaust his administrative remedy for his First Amendment claim based on the confiscation of his legal mail and remanded for further proceedings on that claim. *Id.* at 1245-47.

After remand, Eaton continues to be represented by counsel. His only remaining claim asserts that Defendants Tyler Blewett, Tonia Ridley, and John Vanderwalker violated Eaton's First Amendment rights by confiscating his legal mail. Defendants again moved for summary judgment. The Court granted partial summary judgment, narrowing Eaton's First Amendment claim only to declaratory and injunctive relief, and nominal damages, arising out of Defendants Blewett, Ridley, and Vanderwalker's conduct relating to the seizure of Eaton's preaddressed, stamped envelope from a piece of legal mail. *See Eaton v. Blewett*, 2024 WL 1770481, at *6 (D. Or. Apr. 24, 2024).

Now before the Court is Defendants' motion for judgment on the pleadings against the sole remaining claim in Plaintiff's Second Amended Complaint ("SAC"). Defendants contend that this case is moot because the Oregon Department of Corrections ("ODOC") codified in an Oregon Administrative Rule ("OAR") its longstanding policy of allowing a preaddressed, stamped envelope in legal mail. Eaton responds that the voluntary cessation exception to mootness applies, and that even if it does not apply, there is relief that the Court can grant that prevents dismissal. For the reasons discussed below, the Court grants Defendants' motion.

## A. Mootness

The Court agrees with Defendants that the new OAR renders Eaton's remaining narrow claim moot. "A case becomes moot—and therefore no longer a Case or Controversy for purposes

PAGE 2 – ORDER

of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotation marks omitted). "[C]hanging circumstances that arise after the complaint is filed" may render a case moot. *ACLU of Nev. v. Lomax*, 471 F.3d 1010, 1016 (9th Cir. 2006) (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001)). Eaton's requested injunctive relief has been codified in the OAR, thus rendering that claim moot.

Regarding Eaton's requested declaratory relief—that the policy stated in the email to disallow preaddressed, stamped envelopes in legal mail violated Eaton's constitutional rights— that also is moot because it is no longer an ongoing policy. As with the requested injunctive relief, the Court can no longer provide a meaningful declaration that will change Defendants' behavior.

"[T]he test for mootness applied to a claim for declaratory relief 'is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Bayer v. Neiman Marcus Grp*, 861 F.3d 853, 867 (9th Cir. 2017) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). "[A] declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction." *Id.* at 868. This is because "[t]he 'value of the judicial pronouncement—what makes it a proper judicial resolution of a "case or controversy" rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*.'" *Id.* (quoting *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (emphasis in *Hewitt*)).

PAGE 3 – ORDER

Eaton, however, asserts that the voluntary cessation exception to mootness applies. "The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)). This exception requires that a party claiming mootness based on the voluntary cessation of conduct has a "heavy" burden to show that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *W. Va. v. Env't Prot. Agency*, 597 U.S. 697, 719-20 (2022) (quotation marks omitted); *see also FBI v. Fikre*, 601 U.S. 234, 241 (2024) (stating that a defendant has a "formidable burden" of meeting the voluntary cessation exception because "a defendant's 'voluntary cessation of a challenged practice' will moot a case only if the defendant can show that the practice cannot 'reasonably be expected to recur'" (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Services (TOC), Inc.*, 528 U.S. 167t 189 (2000)).

"The government's change of policy presents a special circumstance in the world of mootness. Of course there is always the possibility of bad faith and a change of heart. But, unlike in the case of a private party, we presume the government is acting in good faith." *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010). Additionally, a "repeal, amendment, or expiration of legislation" gives rise to "a presumption that the action is moot unless there is a reasonable expectation that the legislative body is likely to enact the same or substantially similar legislation in the future." *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1197 (9th Cir. 2019) (en banc); *see also N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y., N.Y.*, 590 U.S. 336, 338-39 (2020) (holding that a claim for injunctive relief is moot when a governmental entity amends a statute to provide the precise relief

PAGE 4 – ORDER

requested); 13C Charles Allen Wright et al., *Federal Practice and Procedure* § 3533.6 (3d ed. 2024) ("Amendment or replacement of administrative rules or practices . . . can moot an attack").

ODOC, a governmental agency, formally adopted administrative rules providing the precise relief requested by Eaton. There is no indication that ODOC will adopt a rule to the contrary in the future. Eaton argues that the Court cannot grant Defendants' motion without facts that are not in the record, such as whether prison staff understand the new rule and will apply it uniformly. The Court, however, presumes that the government acts in good faith after adopting a regulation or legislation. *See Am. Cargo Transp.*, 625 F.3d at 1180; *see also Rosebrock*, 745 F.3d at 972 ("We presume that a government entity is acting in good faith when it changes its policy, but when the Government asserts mootness based on such a change it still must bear the heavy burden of showing that the challenged conduct cannot reasonably be expected to start up again." (citation omitted). The facts alleged by Eaton show that one prison employee sent an email that changed the prison's procedure regarding allowing preaddressed, stamped envelopes in legal mail. This was quickly retracted and ODOC's longstanding policy allowing such envelopes was then codified in the OAR. Under these facts, Defendants have met their heavy burden to show that the voluntary cessation exception to mootness does not apply. *See Wells v. Tucker*, 2012 WL 5875041, at *4-6 (N.D. Fla. Sept. 18, 2012), *report and recommendation adopted*, 2012 WL 5874895 (N.D. Fla. Nov. 20, 2012) (finding case moot and rejecting application of the voluntary cessation doctrine when corrections department adopted formal rule providing the injunctive relief requested by the defendant, thus mooting both the injunctive and declaratory relief sought).

## B.  Other Available Relief

Eaton argues that even if the new OAR renders moot Eaton's claims for injunctive and declaratory relief specific to the seizure of his preaddressed, stamped envelope in his legal mail,

PAGE 5 – ORDER

he has requested other relief that the Court may still grant. This other relief, however, relates to conduct that the Court clarified is not a part of Eaton's remaining claim.

In support of this argument, Eaton raises the issue of Defendants' alleged broader mistreatment of legal mail and his originally-requested injunctive relief of proper training for employees on how to treat legal mail and an order requiring that all legal mail be opened by the inmate. The Court, however, specifically held in resolving the summary judgment that "Eaton . . . is constrained to the claims stated in his SAC, and he does not assert a claim based on TRCI's general policy or practice of mishandling legal mail or opening legal mail outside the presence of inmates." *Eaton*, 2024 WL 1770481, at *5. Thus, the more general relief requested by Eaton is no longer applicable.

## CONCLUSION

The Court GRANTS Defendants' Motion for Judgment on the Pleadings, ECF 99.

**IT IS SO ORDERED.**

DATED this 24th day of March, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 – ORDER